**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

NORMAN WESLEY ADAMS                                                PLAINTIFF

v.                                          4:16CV00869-JLH-JJV

ADVANCED MEDICAL SERVICES; *et al.*                         DEFENDANTS

## PROPOSED FINDING AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Norman Adams filed this action on November 28, 2016.  (Doc. No. 1.)  On December 21, 2016, the Court screened Plaintiff's claims and gave him the opportunity to amend his Complaint.  (Doc. No. 6.)   He was cautioned that his Complaint was deficient and may be dismissed after thirty days.  (*Id.*)  More than thirty days have now passed, and Mr. Adams has not amended his Complaint or otherwise responded to my Order.

Plaintiff states he has been at White County Detention Center for thirty-two days and has neither seen a physician nor received his necessary medications.  He says he has made requests through sick call forms, to no avail.  Plaintiff has sued Advanced Medical Services and several other jailers and medical staff.  (Doc. No. 1.)  Although Plaintiff makes serious allegations, he does not identify any misconduct by any of the named defendants.  In other words, his Complaint is silent as to which defendant did what to violate his rights.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court just dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted and

should be dismissed.

I also note that mail sent to Plaintiff has been returned undelivered because Mr. Adams has not updated his current address.  (Doc. Nos. 7-12.)  It is Plaintiff's responsibility to promptly notify the Clerk of his current address and to prosecute the action diligently.[1]  Without a current address, it is impossible for the Court to communicate with Plaintiff.   So his cause of action could also be dismissed on this basis.

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No.1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 23rd day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule of the Court 5.5(c)(2), states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] Title 28 U.S.C. § 1915(g) provides that:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."